Okay. May it please the court. My name is John Downing. I represent the creditor, Sarah Davis, in this matter, which involves the confirmation of a Chapter 13 plan of Ms. Ogletree in the Northern District of California, the San Jose Division. Our position, and I think it's stated pretty clearly in our reply brief, is that the court failed to consider the value of Ms. Ogletree's interest in a piece of real property, 16 Inney Road, Plattekill, New York, and her interest in an LLC, which she co-owns with her former partner, who's also in bankruptcy, 46 Main Street. That's an LLC that has as its asset a, it's basically a single piece of real property. Because the value of her interest in those properties was not considered, the fifth modified plan does not meet the requirements of 11 U.S.C. 1325A4, and that it is not in the best interest of creditors, in that Ms. Davis and other creditors in a Chapter 7 would be likely to recover more than the $9,000 that is provided for them in the fifth modified plan. Let me stop you for a second, if I could break in with a question. What evidence did you offer on your side, as opposed to argument, about what value the property, the estate could realize from those properties? Well, we relied on information from the schedules and from the submissions of Ms. Ogletree, with respect to 16 Inney Road. She valued, in her initial pleadings, in her initial schedules, Schedule A, she indicated that the fair market value of the 16 Inney property was $286,000, I believe. I think we had evidence that the sales price that they had purchased the property was $290,000. And then with respect to the LLC, in her submissions, Ms. Ogletree had indicated that she provided evidence in the form of a broker's opinion that the fair market value of 46 Main Street, the real property owned by the LLC, was $430,000. She also indicated that there were liens against that amount of $242,000 and $18,000. But with regard, I'm asking more about evidence rather than arguments. You didn't offer independent evidence of the value of these assets, right? You were relying on what her evidence was of the schedules and such. That's correct. I did not see in the record any place a copy of the operating agreement for this LLC. Is it in the record someplace? Did I miss that? It is not in the record, Your Honor. I think that we had hoped or that the court would have set this for evidentiary hearing or continue the matter that we could have obtained and presented that evidence. But no, we did not present a copy of the operating agreement. Okay. So based on that, I mean, I think we should have considered the value of these two assets to the estate. And I think in a Chapter 7, a Chapter 7 trustee would not have essentially allowed what happened in this Chapter 13, which is that essentially Ms. Ogletree surrendered her share of an inch or one-third share in 16NE to her mother and the value of the LLC was given no consideration. Okay. I think everything else is stated in our two briefs. Okay. Any questions from the panel before we go to the appellee? No. Okay, great. Thank you. Mr. Lipton, go ahead, please. May it please the Court, my name is Aaron Lipton. I represent appellee Tammy Ogletree, appellee and debtor. It's our position the Court did consider the relevant values. The relevant value is the value of Main Street LLC, that the assets of that affect its value, but the appellee owns shares or interest in a LLC that itself owns assets. Regarding E&E, I'd like to point out the Court based its ruling on three different findings, it found three different ways, based on the evidence, based on analysis of New York law and based on the surrender. Let me ask you about the surrender. Is that relevant to the hypothetical Chapter 7 liquidation test? Because there's no such thing as surrender in a Chapter 7 case. The property would not be surrendered in a Chapter 7 case, right? That is correct. In a Chapter 7 case, there is no surrender. Why is it relevant to consider that when you're doing the hypothetical Chapter 7 liquidation? Because in this case, the hypothetical Chapter 7 liquidation is being applied to the bankruptcy estate, and because there is the Chapter 13 and there is the surrender, that surrender therefore affects what interests are being analyzed in the Chapter 7 liquidation test. Well, but the hypothetical Chapter 7 liquidation, I think under the statute, is supposed to be done at the petition date. And at the petition date, there was no surrender, right? That is correct. The surrender does not become effective until the confirmation of the plan. But counsel, isn't the point really that any bit in a 7, the mother would have the right to offset as against the debtor's interests all of the issues that the court addressed with regard to the payments that she had made instead. So the Chapter 7 trustee standing in the shoes of the debtor would be subject to the same kinds of offsets the mother would be claiming. And so you didn't, by surrendering, that's just the ultimate resolution that there's really no value for the estate, right? Correct. The surrender is consistent with the Pelley's other statements regarding this and her position that the mother had essentially taken the property, invested in this pursuant to this agreement, and she was merely following through with that and demonstrating that she had walked away from the property. Let's go back to the LLC property. You basically said it's personal property interest, and so it shouldn't be considered at all. But is that right? I mean, the LLC owns the real property. If a Chapter 7 trustee succeeds to the ownership interest of the LLC, can't the Chapter 7 trustee sell the real property? And wouldn't a Chapter 7 trustee do that in a Chapter 7 case? If a Chapter 7 trustee were able to seize control of an LLC, I believe the set of law is that a Chapter 7 trustee then can exercise whatever rights the estate had over that LLC. But from a liquidation perspective, the question is what is this interest that the debtor possesses at the time of filing, at the petition date, worth? At that point, we have to examine the value of the LLC because that is what the debtor possesses. And it's valued at zero. Correct. But actually what you're valuing is not the LLC. You're valuing her interest, her membership interest. What is its value? Because that's what the trustee would be liquidating, would be selling off her interest in whatever the LLC was generating. So someone would have to say, I'm willing to buy 50% of this company based on whatever it's worth, knowing that there's another partner who has to cooperate in the circumstance. And that's why when Judge Ferris raised the earlier question about the operating agreement, it becomes critical for the analysis of value is, well, how does this operate? And how do these people work together? And what can they do to each other? And what if they don't agree? Who resolved it? All those issues affect her interest in the LLC, right? Correct. You're selling a LLC interest as a going concern. You're essentially selling someone into working with another third party and all the costs, burdens, and unknowns associated with that. Who in this case was in bankruptcy? The other third party? Mr. Greer? Yeah. Was in bankruptcy. Was he in a Chapter 11, a Chapter 13, or a Chapter 7? Or do you know? When last I checked, he was in a Chapter 13. I do not know the current status of that case. I wonder what his plan provided about that LLC. I don't think it's in the record, but it's one wonders. My recollection is it provides the same valuation as our schedules, but I'm working from recollection here. I do not have his schedules in front of me. And of course, they could have been amended or changed. I will submit on this if there are no more questions. Any more questions for the panel? No. Great. Okay. Mr. Downing, back to you. You've got a little over 10 minutes if you want to use it. I don't think I'll use the 10 minutes, but I think that the critical issue with respect to 16NE is that at the time that the bankruptcy was filed, there was no partition action. The bankruptcy does not cause a severance of the joint tenancy interest, and that therefore the strong presumption under New York law, which is stated in the Melnick case, among other cases that I cited, the strong presumption is that they own equal interest. So I don't think, and I think if you put yourself, and I represent, 90 percent of the time I represent debtors, if I filed a Chapter 7, I don't think a Chapter 7 trustee would accept the word of the co-tenant that they had less, or the debtor, that they had less than an equal share in that property. So I think that with respect to 16NE, I don't think the partition analysis applies, and I think instead the strong presumption under New York law that she owed a one-third interest in this property is what should instead govern. And so that's my, that's our position on that, and I think that, I think if you look at it from a Chapter 7 trustee's position, or a creditor in a Chapter 7 case, it would only be too easy for a debtor to say, hey, yeah, sure, it looks like I'm a one-half owner in that property, but I'm actually not, my mother actually is, I'm going to just transfer this property over to her. So again, the surrender issue, you know, I get that if the mortgage, or the lien in this case, took up all of the value in the property, and typically these surrender cases involve cars, you know, there's no issue, there's no surplus for creditors. But in this case, I think there is a surplus for creditors based on the presumption that the debtor owns a one-third interest in this property as of the date of filing. So you know, I just, from a creditor's perspective, not a debtor's perspective, I think that, I don't think that essentially that the debtor in this case should be allowed to get away with this on the evidence that they've presented, and that the partition analysis doesn't apply. With respect to the 46 Main Street LLC, you know, I fully understand that, you know, certainly, you know, I mean, I have another case right now where my clients have a restaurant that's in an LLC, they're majority owners, but the minority owners, the landlord, the landlord has all sorts of protections that make the value of the restaurant far less than what the creditors would if my client simply owned it in a social proprietorship. But in this case, again, number one, we're going on the valuations provided by the creditor, without any sort of analysis of the effect of the operating agreement. And number two, the other, she owns a 50% share, number one. Number two, the other percent, another who's in currently, it was in the date of filing and remains so today in a Chapter 13 bankruptcy. So I can't imagine that if both of these debtors or owners of this LLC were in a Chapter 7, that a Chapter 7 trustee would not act to sell the underlying real property. And I think the fact that it's essentially the only asset of the LLC is this piece of It's not like a, you know, again, using my restaurant client example, my restaurant clients are going to have to look at the profit and loss and things of that nature and you have to look in that case to see whether that piece, that asset has any value. So I think for all those reasons, you know, I think that 16 and 46 Main Street had more value than was given them by Judge Johnson and I would rest with that. Okay. Any more questions for the panel? Nope. Okay. Great. All right. Thank you very much. Thanks to both of you for good arguments. The matter is submitted. Thank you very much. Very well. Thank you, Your Honor.
judges: Farris, Brand, Gan